STATE OF NORTH CAROLINA v. LEE ODIS ALFORD

No. 7811SC706

(Filed 3 October 1978)

Searches and Seizures § 15— outbuilding not owned or rented by defendant—no standing to contest search

The trial court in a homicide prosecution erred in suppressing certain shotgun shells seized during the search of an outbuilding approximately 50 feet behind defendant's rented house, since the uncontradicted evidence showed that defendant neither owned nor rented the outbuilding in question, and defendant therefore had no standing to contest the search of the building and the seizure of shells therefrom.

APPEAL by the State from *Canaday, Judge.* Order entered 8 May 1978 in Superior Court, HARNETT County. Heard in the Court of Appeals 22 September 1978.

Defendant is under indictment and awaiting trial for the murder of Eula Mae McArthur. He moved to suppress certain shotgun shells seized during the search of an outbuilding approximately 50 feet behind his rented house in Sanford.

A hearing was held at which the State presented the testimony of SBI Agent Stewart and Harnett County Deputy Sheriff Gregory. Their testimony tended to show that: defendant was questioned about a shotgun after his arrest on 21 December 1977; defendant gave the officers written consent to search his

residence and to seize the shotgun, which defendant admitted he had; the two officers went to defendant's residence and also obtained a written consent from defendant's wife; neither written consent mentioned shotgun shells or any outbuildings; Stewart found the shotgun in a closet in the house, but found no shotgun shells; Gregory then went to the outbuilding, the door to which was fastened with a latch but unlocked; and Gregory found a box of shotgun shells therein.

The State also presented Ruby McSwain who testified that she owned the house in which defendant and his wife lived and rented it to them. She also testified that the lease did not include the outbuilding, that defendant never obtained permission to use it, and that she and her late husband had been using the outbuilding for storage.

Judge Canaday entered an order allowing the motion to suppress, and the State appeals pursuant to G.S. 15A-979(c).

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*W. A. Johnson, for defendant appellee.*

ERWIN, Judge.

The State first contends that the trial court erred in allowing the motion to suppress in that the evidence shows that defendant had no standing to contest the search of the outbuilding and the seizure of the shells therefrom. We agree and accordingly reverse the order of the trial court.

G.S. 15A-972 provides:

"When an indictment has been returned or an information has been filed in the superior court, or a defendant has been bound over for trial in superior court, a defendant *who is aggrieved* may move to suppress evidence in accordance with the terms of this Article." (Emphasis added.)

The "Official Commentary" to G.S. 15A-972 aptly notes that the statute utilizes the word "aggrieved" to describe who has standing, as does Fed. R. Crim. P. 41(e) and adds: "This would give North Carolina the benefit of case law as to standing developed in the federal courts and in the courts of many other states which

also use the same terminology." Rule 41(e) does not constitute a statutory expansion of the exclusionary rule. *United States v. Calandra*, 414 U.S. 338, 38 L.Ed. 2d 561, 94 S.Ct. 613 (1974).

Mrs. McSwain testified for the State as follows:

"Mr. Alford had been living in my house on Third Street . . . I had a storage type building behind that house. The building was used for the storage of things that my husband had. I had not included the storage building in the rental agreement with Mr. Alford. I continued to use the building for my own use. . . .

[A]t no time did Lee Odis Alford obtain permission for him to use the storage building . . . for his own personal use."

The United States Supreme Court held as follows in *Brown v. United States*, 411 U.S. 223, 229, 36 L.Ed. 2d 208, 214, 93 S.Ct. 1565, 1569 (1973):

"[I]t is sufficient to hold that there is no standing to contest a search and seizure where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure."

*Brown* has been followed by our Supreme Court in *State v. Monk*, 291 N.C. 37, 229 S.E. 2d 163 (1976), *State v. Curry*, 288 N.C. 660, 220 S.E. 2d 545 (1975), and *State v. Gordon*, 287 N.C. 118, 213 S.E. 2d 708 (1975), *modified on other grounds*, 428 U.S. 903 (1976). As *Brown* and decisions thereunder note, rights against unreasonable searches and seizures under the Fourth Amendment are personal and may not be vicariously asserted.

Defendant was not on the premises at the time of the search and seizure about which he complains. The uncontradicted testimony of Mrs. McSwain shows that defendant neither owned nor rented the shed in question. Clearly, possession of the shells is not an essential element of the offense charged. Counsel for defendant has very ably articulated his contention that he has standing; however, we are unable to conclude that defendant is "aggrieved" under G.S. 15A-972.

The exclusionary rule is justified as a deterrent to police conduct violating Fourth Amendment rights. *Stone v. Powell,* 428 U.S. 465, 49 L.Ed. 2d 1067, 96 S.Ct. 3037 (1976). The Supreme Court observed therein:

> "[T]he standing requirement is premised on the view that the 'additional benefits of extending the . . . rule' to defendants other than the victim of the search or seizure are outweighed by the 'further encroachment upon the public interest in prosecuting those accused of crime and having them acquitted or convicted on the basis of all the evidence which exposes the truth.' " (Citation omitted.) *Stone v. Powell, supra,* at 488-9, 49 L.Ed. 2d at 1084-5, 96 S.Ct. at 3049-50.

We note that G.S. 15A-977 details the procedures for motions to suppress evidence in Superior Court and that 15A-977(f) provides: "The judge *must* set forth in the record his findings of facts and conclusions of law." (Emphasis added.) Here the trial court should have made more extensive findings of fact and conclusions of law as required by statute and as called for by better practice.

Therefore, the order of the trial court is reversed, and the case is remanded.

Reversed and remanded.

Judges MORRIS and MITCHELL concur.